5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
NOV 16 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DAVID ALLEN CHANDER, et al. | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B 97-214 |
| | § | |
| WACKENHUT CORRECTION, et al. | § | |
| Defendants. | § | |

## NOTICE TO PLAINTIFFS

The following Plaintiffs, prisoners proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983:

Jose H. Contreras (Prisoner # 788907),

Roger Alvarez (Prisoner # 787456),

Oscar Estrada,

Armando Morin (Prisoner # 786354),

Billy Jack Johnson (Prisoner # 770194),

Carlos Flores (Prisoner # 760141),

Rene Padilla (Prisoner # 775507),

Collins Alleman (Prisoner # 770193),

Rudy Gonzalez,

and Cesar Augusto Diaz-Rodriguez (Prisoner # 788906).

The Plaintiffs have filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915 so that a plaintiff proceeding *in forma pauperis* must now pay the entire statutory filing fee of $150. 28 U. S. C. § 1915(b)(1).

The statute now allows an *in forma pauperis* plaintiff to begin a lawsuit without prepayment of the entire filing fee, but the plaintiff is still obligated to pay the entire filing fee, over time. The balance of the full filing fee will be automatically withdrawn, in increments or in full, under court order, from the plaintiff's trust fund account.

The court may dismiss this case if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, regardless of whether some or all of the filing fee has been paid. If this case is dismissed before payment of the entire filing fee, the plaintiff must still pay the entire filing fee.

When any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) is dismissed as frivolous or malicious, state law requires the forfeiture of good conduct time credits as a sanction. Tex. Govt. Code Ann. § 498.0045 (West 1995). When a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**If you do not wish to pay the filing fee in this case you may seek voluntary dismissal of this action by executing and filing with the Clerk the attached "Motion for Voluntary Dismissal" within 30 days of entry of this order.**

SIGNED at Brownsville, Texas, on this 10th day of NOV, 1998.

John Wm. Black
United States Magistrate Judge